**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | | |
|---|---|---|
| DENISE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| PINNACLE FINANCIAL GROUP | ) | **JURY DEMAND ENDORSED HEREON** |
| INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DENISE GREEN, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, PINNACLE FINANCIAL GROUP INCORPORATED, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Silver Spring, Maryland.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt

6.      On information and belief, Defendant is a corporation of the State of Minnesota, which is licensed to do business in Maryland and which has its principal place of business in Minneapolis, Minnesota.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.      During the calendar year of 2009, representatives of Defendant, including, but not limited to Jessie (last name unknown), contacted Plaintiff by telephone numerous times, often multiple times per day, in attempts to collect an alleged debt, but failed to disclose that they were debt collectors during the course of every communication.

8.      Representatives of Defendant contacted Plaintiff by telephone at Plaintiff's place of employment on numerous occasions in attempts to collect the aforementioned alleged debt, even after Plaintiff informed Defendant's representatives that she was not permitted to receive personal calls while she was at work.

9.      On at least one occasion, representatives of Defendant contacted Plaintiff's family members and/or co-workers and disclosed that Plaintiff owed an alleged debt.

10.      On at least one occasion during the aforementioned telephone conversations with Plaintiff, Defendant's representative(s) threatened to garnish Plaintiff's wages if payment of the alleged debt was not made.

11.      To date, Defendant has not filed a lawsuit against Plaintiff in an attempt to collect the aforementioned alleged debt, so any threats of garnishment were unfounded.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

 a. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

 b. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she was at work, in violation of 15 U.S.C. § 1692c(a)(3);

 c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

 d. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

 e. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

 f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

 g. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

3

h.      By acting in an otherwise deceptive, unfair and unconscionable manner

and failing to comply with the FDCPA.

13.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and

continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DENISE GREEN, respectfully prays for a judgment against

Defendant as follows:

a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

b.      All reasonable attorneys' fees, witness fees, court costs and other litigation

costs incurred by Plaintiff; and

c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this

action, except for any issues relating to the amount of attorneys' fees and litigation costs to be

awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122
(888) 595-9111, ext. 712 (phone)
(866) 382-0092 (facsimile)
mluxenburg@attorneysforconsumers.com